## STATE COURT OF APPEALS—Continued

### 27
### BOVEE v. FARMERS MUTUAL PROT. ASS'N.
Ohio Appeals, 3rd Dist., Hancock County
No. 175.  Decided Dec. 12, 1924

533.  FIRE INSURANCE—Not incumbent upon insurance companies to inspect surroundings of property.

HUGHES, J.

#### Epitomized Opinion
Published only in Ohio Law Abstract

Action by Bovee to recover upon application for additional insurance upon a building which was destroyed by fire.  The Association put up the defense that at the time of the application for the increased insurance, the plaintiff failed to disclose a large gasoline storage maintained in a tent in close proximity to the building destroyed.  On trial the court directed a verdict in favor of the Association. Bovee now seeks a reversal of that judgment on the grounds that 9583 GC. made it incumbent upon the insurance company to inspect the property and its surroundings at the time the additional insurance was written, and it is now prevented from making the defense set up in the action.  In affirming the judgment the court held:

1.  The statute must be construed to apply to the buildings only and not to the surroundings.  Insurance Co. vs. Warner, 76 OS. 543. 543.

Attorneys—Axline & Pendleton, for Bovee; A. G. Fuller, for Protective Ass'n.; all of Findlay.

### 28
### MENON v. STATE
Ohio Appeals, 8th Dist., Cuyahoga County
No. 5212.  September 22, 1924.

611.  HOMICIDE—1.  Manslaughter verdict reversed in plea of self defense by wife killing husband in repeated altercation; threats and vituperations by him.

2.  Preponderance of evidence in support of plea of self defense held sufficient.

3.  Admission of dying declaration held not prejudicial on crime confessed and plea of self defense.

SULLIVAN, J.

#### Epitomized Opinion
Published only in Ohio Law Abstract

Bertha Menon was indicted and tried for murder in the second degree and was found guilty of manslaughter.  Her defense was self-defense.  Accused and her husband were interested and with others interested worked in a restaurant on Central Avenue, Cleveland.  They had been quarrelling for some time.  Finally she instituted an action for divorce which the husband had unsuccessfully desired her to dismiss.  Each was smarting under charges and counter charges of infidelity and other derelictions.  On Sept. 3, 1923, in the restaurant, the husband made a charge of a serious nature and to escape his threats and serious consequences of a revolver in his hands, she fled into the bathroom and locked herself in.

Following the altercation she called up her lawyer who had an unsuccessful conference with the husband the next forenoon, at which he threatened to kill her and of which she was promptly warned.  About noon he again entered the restaurant where he found his wife back of the counter and an associate in the business and customers.  He retired to a room and closed the door.  In a short time he came forth, renewed his threats and vituperations, reached over the counter, grabbed his wife and attempted to pull her over the counter; whereupon she reached under the counter, took a revolver and shot him three times, which resulted in his death.  There was evidence the third shot entered his body when his back was turned.  She testified that it was common for him to carry a gun.  The court of appeals held:

1.  On a plea of self-defense to a charge of second degree murder, repeated threats with revolver in hand, altercations, and warning that husband intended to kill her justify wife in shooting husband in altercation.

2.  Preponderance of evidence in defense sufficient on plea of self-defense.

3.  Admission of dying declaration held not prejudicial on confession of crime and plea of self-defense.

Attorneys—A. L. Kreisberg, Esq., for Menon; E. C. Stanton, Esq., for the State; all of Cleveland.