**ALTMAN et al, Plaintiffs-Appellants, v. CENTRAL MANUFACTURERS MUTUAL INSURANCE COMPANY OF VAN WERT, Defendant-Appellee.**

Ohio Appeals, Seventh District, Columbiana County.

No. 666.   Decided July 1, 1949.

Francis, Irvine, Hayes & Cooper, Steubenville, for defendant-appellee.

Harry Brokaw, East Liverpool, for plaintiffs-appellants.

**OPINION**

By PHILLIPS, PJ.

Plaintiffs appealed to this court on questions of law from a judgment of the court of common pleas affirming a judgment of the Municipal Court of East Liverpool, Ohio, entered by the judge thereof, for defendant upon its motion to dismiss plaintiffs' action filed therein May 11, 1946, and for judgment to be entered in its favor made at the close of plaintiffs' case, being tried therein to recover the proceeds of a standard renewal policy of insurance issued by defendant, a corporation, to Rebecca Altman and the Estate of Joseph

Altman (of whom the persons that appear as plaintiffs in this case are heirs), insuring their dwelling against loss by fire, which totally destroyed it on May 4, 1944.

Such policy of insurance, which was in force and effect from September 28, 1942, to September 28, 1945, provided in the event of a loss thereunder by fire inter alia as follows:—

"1. The insured shall within sixty days furnish a proof of loss containing items more fully described in the policy, duly signed and sworn to by the insured, and

"2. Shall bring suit within a period of one year from the time of the loss."

Plaintiffs conceded by brief "that proof of loss was not filed within sixty days, and that suit was not begun within one year". Plaintiffs claim, and the record supports that statement, that "proof of loss was later furnished, and suit was brought after the one year period had expired" and after defendant had furnished, and plaintiffs had paid for, a renewal policy without advising defendant of the total destruction by fire of the insured premises. It is admitted by the parties that under the facts stated defendant denied liability, which resulted in plaintiffs filing their action in the municipal court.

Plaintiffs contend that the motion submitted to the judge of the municipal court "raises two points and two only: (1) the submission of proof of loss within sixty days, and (2) failure to sue within one year."

While plaintiffs' counsel filed no formal assigned grounds of error, we interpret his brief and oral argument as indicating he contends the failure of the judges of the court of common pleas and the municipal court of East Liverpool to interpret in his favor the questions raised by defendant's motion as the error claimed in his appeal to us.

Relying upon the provisions of §9583 GC, plaintiffs contend that "when there is a total loss by fire of property insured," as there was in the case we review, the insurance policy "shall be held and considered to be a liquidated demand against the company for the full amount of such policy"; and "the entire amount must be paid, and no proof of loss is necessary" in the absence of increase of the risk or fraud on the part of the plaintiffs, the existence of neither of which is shown in the case we review.

Sec. 9583 GC, sometimes referred to as the "Valued Property Law", provides the extent of liability under the policy in these words:—

"A person, company or association insuring any building

or structure against loss or damage by fire or lightning, by renewal of a policy, shall cause such building or structure to be examined by his or its agent, and a full description thereof to be made, and its insurable value fixed, by him. In the absence of any change increasing the risk without the consent of the insurers, and also of intentional fraud on the part of the insured, in case of total loss, the whole amount mentioned in the policy or renewal upon which the insurer received a premium, shall be paid."

Counsel for plaintiffs cite authority for their position and contention that such section of the General Code is part of the policy under discussion, and all inconsistent provisions therein are waived by it; that its provisions are mandatory, based on public policy, and do not constitute a personal privilege which can be waived by agreement, prevails over standard policy provisions, and makes no provision for payment in full if the plaintiff does other things required by the policy provisions, and cite: Bennoys Ohio Insurance and Negligence Law, Section 127, last paragraph; **Insurance Company v. Leslie, 47 Oh St 409; Penn Fire Insurance Company v. Dracket, 63 Oh St 41; Insurance Company v. Russell, 65 Oh St 230.**

Plaintiffs' counsel further contends that §9583 GC, "is paramount and that it abrogates and renders void every provision of the policy in conflict" with it, including vacancy, mortgage and additional insurance; makes no exception nor provision for qualification, such as if plaintiff did other things required in the policy of insurance issued by defendant, among which was file proof of loss, and commence their action (which they did commence in the court of common pleas) within one year from the date of loss; that notwithstanding any provisions of such contract "suit can be maintained upon the policy as upon any other liquidated demand" upon the facts of this case; and admits that in other policies of insurance, where the provisions do not conflict with such code section, they are binding upon the parties.

Defendant contends that the Valued Policy Statute invalidates only such terms of the policy as relate to the amount of damages, not the right of recovery; "and has no application to the policy provisions relating to the time for the bringing of the plaintiff's action, for the filing of proof of loss, or to the issues in the case at bar."

All of the cases cited to us by counsel for the respective parties construing §9583 GC, hold substantially that the provisions thereof relate only to the amount recoverable under the policy; and we construe none of such cases as holding

that by reason of its provisions the terms of the policy as to the notification of loss, or filing of an action to recover therefor, are waived.

"The words 'any change increasing the risk,' which occur in Section 3643, Revised Statutes, refer only to change in the insured building or structure itself, and were not intended to include or apply to anything distinct from, or accidentally related to, the corpus of the insured building or structure.

"Where one of the conditions of a fire insurance policy is that if the building insured shall become vacant, unoccupied or uninhabited, without the consent of the insurer, the policy shall be void; and where such building becomes vacant after the policy was issued, without knowledge or consent on the part of the insurer, and a fire occurs therein while the building is vacant, there can be no recovery under the policy. **Insurance Co. v. Wells, 42 Oh St, 519,** approved and followed; **Moody v. Insurance Co., 52 Oh St, 12,** overruled.

"* * * It was argued in the above quotation from The Sun Fire Office of London v. Clark, supra, and in an opinion by Laubie, J., in 7 C. C., 511, 519, et seq, to which special reference is made in Webster v. Dwelling House Ins. Co., supra, that if it had been intended to enlarge the meaning of the precise words of the statute so as to embrace other matters made material by the agreement of the parties, it would have been more natural to have said so definitely and directly. That seems to be sound reasoning, and if true, then the conclusion would seem to follow that the legislature meant what it said, and no more; and it would also seem to follow, conversely, that if the courts may stretch the words, from their obvious meaning of any change in the building or structure, to any change in the occupation of the building, then there is no limit to such judicial legislation as would eliminate every condition of the policy relating to title, possession, incumbrance, over-insurance, use, occupation, and the like. We can not think that the legislature ever intended to be so interpreted." **Insurance Co. v. Werner, 76 Oh St 543** and 556.

The decision of the supreme court in the Werner case remains unmodified and unchanged; and was followed in **Bovee v. Farmers Mutual Prot. Ass'n, 3 Abs 14,** and by the circuit court of appeals, sixth circuit, in **Leithauser v. Hartford Fire Insurance Co., 31 O. O. 285.**

Without further word we conclude that the judgment of the court of common pleas must be and hereby is affirmed.

NICHOLS, J, BUCKLEY, J, concur in judgment.